W. Irvin ROBINSON et al., Appellants,

v.

Bill THOMPSON et al., Appellees.

No. 4438.

Court of Civil Appeals of Texas, Eastland.

April 16, 1971.

Rehearing Denied May 14, 1971.

Robert E. Ford, Abilene, for appellants.

A. L. Rhodes, Abilene, for appellees.

COLLINGS, Justice.

This suit was brought by Bill Thompson, Dr. Everett Haas and Marlin Hoffman against AUStralite Corporation and W. Irvin Robinson seeking the appointment of a receiver for the defendant AUStralite Corporation. Plaintiffs were stockholders and directors of the corporation. The suit was brought under Subdivisions 3 and 4 of Article 2293 and Article 7.05 of the Business Corporation Act, V.A.T.S., Vernon's Ann.Tex.Civ.St. Plaintiffs alleged that the assets of the corporation are being misapplied and wasted; that the corporation was insolvent or in immediate danger of insolvency and that plaintiffs had no adequate remedy, legal or equitable, except for the appointment of a receiver. Upon a trial, judgment was rendered appointing a receiver as prayed by plaintiffs. The defendants, AUStralite Corporation and W. Irvin Robinson, have appealed.

The trial court filed Findings of Fact, substantially as follows:

That the President of AUStralite Corporation, W. IRVIN ROBINSON, testified that he was the managing officer of the Corporation and a substantial stockholder and director thereof. The court further found that Robinson had made representations to the petitioning stockholders that the Corporation owned valuable petroleum exploration concession rights in Australia, when in fact, no such petroleum exploration concession rights were owned by the Corporation in Australia; that assets of the Corporation in question are being used to pay salary personnel in Australia to develop a petroleum exploration concession right when no such petroleum exploration concession right exists; that the President, W. Irvin Robinson, and other salaried personnel are receiving salaries monthly in advance; that the President of the Corporation and other salaried personnel are performing no worthwhile work for the Corporation; that the corporate assets are being wasted and dissipated; and that Petitioners herein were induced to purchase capital stock in AUStralite Corporation from such Corporation by false representations made by W. Irvin Robinson on behalf of AUStralite Corporation. The court further found that receivership of specific assets of the Corporation is not sufficient to protect the interests of Petitioners.

The court filed Conclusions of Law to the effect that there is no other remedy in law or in equity to protect the stockholders and creditors of the Corporation other than the granting of a receivership,

and that the above Findings of Fact and Conclusions of Law were based upon the Petition, evidence, and exhibits presented to the Court.

Article 2293, Section 3, V.T.C.S. provides that a court may grant a receiver "in cases where a corporation is insolvent or in imminent danger of insolvency". Article 7.05 of the Business Corporation Act, V.T.C.S. provides in effect that a receiver may be appointed for a corporation whenever circumstances exist deemed by the court to require the appointment of a receiver to conserve the assets of the corporation if all other requirements of law are complied with, and all other remedies available at law or equity are determined by the court to be inadequate, and that the corporation is insolvent or in immediate danger of insolvency, or the corporate assets of the corporation are being misapplied or wasted.

■ In numerous points appellants attack the findings and conclusions of the court that appellees had no other adequate remedies in law or in equity. Appellants urge that at about the same time this suit was filed, appellees in a separate suit sought to recover from appellant, W. Irvin Robinson, money damages alleged to have been incurred by appellees because of fraudulent representations made by appellant to them inducing them to invest in the AUStralite Corporation, and that the remedy sought in such other suit was adequate. We cannot agree with this contention. Such suit sought no action of the court bearing upon the protection of the assets of the corporation. In the instant case, there is no claim for damages, and the only relief sought is to prevent the wasting of the assets of the corporation by the appointment of a receiver. The causes of action in the two cases are separate and distinct and neither can be a substitute for the other. Such points are overruled.

■ In other points appellants contend that there is no evidence, or insufficient evidence to support the court's findings and conclusions that other remedies at law or equity are inadequate. These points are overruled. There was ample evidence showing a waste and misapplication of the assets of the corporation. The evidence shows that the president of the corporation and other salaried personnel who were receiving salaries monthly in advance were performing no worthwhile work for the corporation, and that actually nothing was being done for the benefit of the corporation; that all of the assets of the corporation with the exception of its office furniture and a small amount of oil field equipment have been disposed of; that the corporation was spending about $1,100 per month and had no income, and that the operating budget would have completely dissipated current assets of the corporation within a couple of months; that the corporation has no properties to develop, no money with which to develop them, and nothing in the way of assets in Australia except some office furniture. There was ample evidence in support of the finding that the president of the corporation was conducting ruinous business policies which would result in insolvency if continued.

The relief sought by appellees was to prevent such waste and misapplication of the assets of the Corporation. Article 2293, Section 3, V.T.C.S. and Article 7.05 of the Business Corporation Act, V.T.C.S. both provide for such relief. The appointment of a receiver in the instant case furnishes the relief sought, and no other remedy could furnish such relief. Appellants' points are all overruled.

The judgment is affirmed.